IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DALLAS E. HILL,

             Petitioner,

     v.

STAN CZERNIAK,

           Respondent.

Civil No. 03-1740-BR

OPINION AND ORDER

**DALLAS E. HILL**
#32756
Utah State Prison
P.O. Box 250
Draper, UT  84020

     Petitioner *Pro Se*

**HARDY MYERS**
Attorney General
**JONATHAN W. DIEHL**
Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, OR  97301

     Attorneys for Respondent

1 - OPINION AND ORDER -

**BROWN, Judge.**

Petitioner, an inmate in the custody of the Oregon Department of Corrections currently housed at the Utah State Prison, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Amended Petition for Writ of Habeas Corpus is **DENIED**, and this action is **DISMISSED**.

<u>BACKGROUND</u>

In 1995, a Columbia County grand jury indicted Petitioner on numerous charges: (1) one count of Attempted Rape in the First Degree, two counts of Sodomy in the First Degree, and two counts of Sex Abuse in the Third Degree against Petitioner's stepdaughter; (2) one count of Sodomy in the First Degree, one count of Delivery of a Controlled Substance to a Minor, and Furnishing Alcohol to a Minor against a minor male; (3) one count of Sex Abuse in the Third Degree and Furnishing Alcohol to a Minor against a minor female friend of Petitioner's stepdaughter; (4) one count of Sex Abuse in the Third Degree and Delivery of a Controlled Substance against another minor female friend of Petitioner's stepdaughter; and (5) one count of Felon in Possession of a Firearm.

A jury convicted Petitioner on all but one count of Sex Abuse in the Third Degree and one count of Delivery of a Controlled Substance. The trial judge sentenced Petitioner to: (1) a 30-

year dangerous offender term on each of the three Sodomy in the First Degree convictions, two with a 144-month minimum and one with a 100-month minimum, all to run consecutively; (2) 24 months of imprisonment on the Attempted Rape in the First Degree conviction, 30 months of imprisonment on the Felon in Possession conviction, and 45 months of imprisonment on the Delivery of a Controlled Substance conviction, all to run consecutively to each other but concurrently with the dangerous offender sentences; and (3) five years of probation on the Sex Abuse in the Third Degree and Furnishing Alcohol to a Minor convictions.

Petitioner directly appealed. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. *State v. Hill*, 148 Or. App. 637, 939 P.3d 678, *rev. denied*, 326 Or. 58, 944 P.2d 948 (1997).

Petitioner then filed a petition for state post-conviction relief ("PCR"). Petitioner alleged ineffective assistance of trial and appellate counsel claims. The PCR trial judge conducted an evidentiary hearing, and rejected the claims on the merits. On December 22, 1999, the PCR trial judge entered an order dismissing the petition.

On January 18, 2000, Petitioner filed a timely notice of appeal with the Oregon Court of Appeals. After assisting Petitioner with the filing of the notice of appeal, his PCR trial counsel moved to withdraw. The Court of Appeals granted the

3 - OPINION AND ORDER -

motion and, on April 5, 2000, appointed appellate attorney Alan
Gallagher.   When he was appointed, Gallagher had approximately
four months in which to file Petitioner's opening brief.
Gallagher missed the filing deadline, however, and on August 31,
2000, the Court of Appeals issued a past-due notice.   Gallagher
did not respond.   On October 3, 2000, the Court of Appeals issued
an order of default and dismissed the appeal.

On October 4, 2000, Gallagher filed a motion to extend the
briefing schedule, and approximately ten days later he moved to
reinstate the appeal.   On October 31, 2000, the Court of Appeals
granted both motions.   The Court also removed Gallagher as counsel
of record and noted Petitioner would thereafter proceed *pro se*.

On December 6, 2000, the Court of Appeals issued a second
past-due notice, as Petitioner had not filed his opening brief.
Petitioner responded by filing a motion to extend the filing
deadline and also moved the Court of Appeals for an order
requiring Gallagher to provide Petitioner with his file materials.
On January 17, 2001, the Court of Appeals granted Petitioner's
motion, and ordered Gallagher to provide the requested materials
within 14 days.

Petitioner subsequently missed another filing deadline and,
on April 6, 2001, the Court of Appeals again dismissed the appeal.
Petitioner responded by filing a motion for sanctions against
Gallagher and motion to recall the appellate judgment.   On July

4 - OPINION AND ORDER -

30, 2001, the Court of Appeals granted these motions, reinstating the appeal and ordering Gallagher to show cause why he should not be held in contempt or, in the alternative, requiring Gallagher to provide Petitioner with the file materials within 14 days. Gallagher failed to do so.

On October 9, 2001, the Court of Appeals sent a letter to counsel for the state asking the state to initiate contempt proceedings against Gallagher. The state complied. On November 16, 2001, however, the Court of Appeals received a letter from Petitioner asking that the contempt proceedings be dismissed. The Court of Appeals did so on January 14, 2002. On January 23, 2002, Petitioner was transferred to the Utah State Prison.

Petitioner missed another deadline for his opening brief. On March 14, 2002, the Court of Appeals issued a third past-due notice. On April 10, 2002, the Court of Appeals issued a default order and dismissed the appeal. Petitioner did not file any response to the past-due letter or subsequent order of default and dismissal. Petitioner also did not seek review in the Oregon Supreme Court.

Petitioner later filed a second PCR petition, challenging his dangerous offender sentences under *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Jones v. United States*, 526 U.S. 227 (1999). The PCR trial judge dismissed the second petition on the grounds that: (1) Petitioner had previously applied for PCR relief on the

same convictions; (2) the second petition was untimely; (3) the grounds alleged in the second petition could have been raised previously; and (4) neither *Apprendi* nor *Jones* applied to Petitioner's case.  Petitioner appealed, but the Oregon Court of Appeals affirmed in a *per curiam* decision, and the Oregon Supreme Court denied review.  *Hill v. Czerniak*, 185 Or.App. 120, 57 P.3d 952 (2002), *rev. denied*, 335 Or. 180, 63 P.3d 27 (2003).

On December 16, 2003, Petitioner filed his Petition for Writ of Habeas Corpus in this Court.  The Court appointed counsel to represent Petitioner, and on June 9, 2005, Petitioner filed an Amended Petition for Writ of Habeas Corpus alleging the following grounds for relief[1]:

1.  The trial court erred when it rejected petitioner's constitutional challenges to Measure 11 and used Measure 11, rather than the sentencing guidelines, to impose the determinate component of the dangerous offender sentence on Count 3 of the eleven-count indictment.

2.  Petitioner was denied effective assistance of trial counsel under the Sixth and Fourteenth Amendments to the United States Constitution when his trial counsel failed to diligently and conscientiously exercise professional skill and judgment in the following particulars:

    a.  Trial counsel failed to adequately investigate the facts and circumstances underlying the charges in both indictments, including, but not limited to, the following:

---

[1]The claims alleged in the Amended Petition have been re-numbered for ease of reference.  Appointed counsel was subsequently granted leave to withdraw, and Petitioner proceeds *pro se*.

Trial counsel failed to ascertain, discovery [sic], and otherwise produce at trial:

i)   Evidence that Petitioner was impotent and could not have consummated the act of rape.

ii)  Evidence that [a trial witness] was responsible for promoting, encouraging, and compelling others to fabricate false allegations of criminal conduct against Petitioner because he had rejected her romantic advances.

b.   Trial counsel failed to state a relevance objection to the following statement made by the prosecution during opening statements:

"They decided to go to the [Petitioner's] home and tell [Petitioner's stepdaughter's] mother and tell her grandmother [that Petitioner had molested his stepdaughter], which they did. The response was that both people moaned and groaned, they said, "Not again. See how crazy he gets when he gets drunk. We're gonna lose the house," but they did not do anything."

A prosecution witness testified to facts similar to those set forth in the prosecution's opening statements, absent objection by defense counsel. These statements and testimony were objectionable on grounds of hearsay and relevance, were inadmissible character evidence, and would lead the jury to believe that the Petitioner had engaged in other acts of sexual misconduct, not related to the charges at issue in the indictment.

c.   Trial counsel failed to object to the prosecution's opening statement that [Petitioner's son] made a statement to police that he observed Petitioner sexually abuse

[Petitioner's stepdaughter].  [Petitioner's son] was not called as a prosecution witness and was not asked about this alleged statement by the prosecution when he testified for the defense.  The prosecution's opening statement led the jury to believe that Petitioner's own son had reported that abuse, and then recanted that statement after remaining at Petitioner's home pending the trial.

d.    Trial counsel failed to move to sever Petitioner's Felon in Possession of a Firearm charge from the charges of sexual abuse against [his stepdaughter] and [his stepdaughter's minor female friend].  In support of the Felon in Possession of a Firearm charge, the prosecution utilized testimony that Petitioner, a felon, possessed a firearm while contemplating suicide because he was despondent about potential criminal charges from accusations of sexual misconduct.  From this testimony a jury could conclude that Petitioner contemplated suicide because he was guilty of the sexual allegations and knew he would be subjected to criminal charges.

e.    Trial counsel failed to object and move to strike testimony that Petitioner contemplated suicide after [his stepdaughter] accused him of sexual abuse, on grounds of legal relevance.

f.    Trial counsel failed to move for a continuance of trial when the prosecution continue [sic] to untimely provide witness statements which the defense did not have adequate time to investigate and prepare to address at trial.

g.    Trial counsel failed to object to hearsay testimony by [a witness] to [the witness's grandmother] that Petitioner was abusing [his stepdaughter].  This testimony was not admissible under any exception to the hearsay

rule, highly inflammatory, and unfairly prejudicial to the Petitioner.

3. Petitioner was denied effective assistance of appellate counsel under the Sixth and Fourteenth Amendments to the United States Constitution when his appellate counsel, Jesse Barton, failed to diligently and conscientiously exercise professional skill and judgment and thereby prevented Petitioner from receiving relief to which he was entitled as follows:

   a. Appellate counsel failed to raise as a claim on appeal the trial court's denial of Petitioner's motion *in limine* seeking to exclude testimony of [a minor female witness] that Petitioner sexually abused her during an incident where he alleged also abused [his stepdaughter]. Neither incident was charged against Petitioner in the indictment. [The minor female witness's] testimony of alleged sexual abuse by Petitioner was not admissible under the Oregon Evidence Code, was extremely prejudicial to the defense, and would have been a basis for reversal of his conviction on appeal. Had counsel raised this error on appeal, it is more likely than not that the result of the appeal would have been different.

   b. Appellate counsel failed to raise as a claim on appeal the trial court's refusal to grant judgment of acquittal as to Count 5 of Indictment 95-1102 alleging delivery of a controlled substance to a minor on grounds that the prosecution failed to present sufficient evidence to establish the element of delivery or that the substance allegedly delivered was actually marijuana. Had counsel raised this error on appeal, it is more likely than not that the result of the appeal would have been different.

   c. Appellate counsel failed to appeal the trial court's refusal, after an *in camera* inspection of [Petitioner's stepdaughter's] juvenile CSD file, to disclose to the defense

information which might lead to the identity
of witnesses who might have personal opinions
or knowledge of [the stepdaughter's]
reputation for truth and veracity in the
community.

d.   Appellate counsel failed to appeal the trial
court's refusal, after an *in camera*
inspection of [the other minor female
victim's] CSD file, to disclose to the
defense information which might lead to the
identity of witnesses who might have personal
opinions or knowledge of [that victim's]
reputation for truth and veracity in the
community.

e.   Appellate counsel failed to appeal the trial
court's ruling sustaining an objection to
testimony of [a defense witness] concerning
her opinion of [a prosecution witness's]
character for truthfulness and veracity. Had
counsel raised this error on appeal, it is
more likely than not that the result of the
appeal would have been different.

f.   Appellate counsel failed to appeal the issue
of whether Petitioner's Convictions on Counts
1, 3, and 5 were limited by the [sentencing]
guidelines' 200 percent rule, for the reason
that the pleadings and jury verdicts do not
support a determination that those counts
constitute separate incidents. Had counsel
raised this error on appeal, it is more
likely than not that the result of the appeal
would have been different.

g.   Appellate counsel failed to appeal the
propriety of the trial court's dangerous
offender findings and consequent sentences
imposed upon Petitioner on the grounds
articulated in Petitioner's sentencing
memorandum, with the exception of challenges
to the constitutionality of Ballot Measure
11.

4.   Petitioner was not afforded effective assistance of
trial counsel . . . in violation of the Fifth,

Sixth, and Fourteenth Amendments to the United
States Constitution, when trial counsel failed to:

a.  Move to dismiss the indictment on the grounds
    that it was insufficient for failing to
    allege the predicate elements of the
    dangerous offender enhancement sentence.

b.  Move to dismiss the indictment on the grounds
    that it was insufficient for failing to
    allege the predicate elements of the
    consecutive sentencing.

c.  Object to the sentencing court imposing a
    dangerous offender sentence when the facts
    necessary for such a sentence were not pled
    in the indictment.

d.  Object to the sentencing court imposing a
    dangerous offender sentence when the jury did
    not find the facts necessary for such a
    sentence beyond a reasonable doubt.

e.  Object to the consecutive sentences.

5.  Petitioner was denied due process of law by the
    trial and sentencing court as required by the Fifth
    and Fourteenth Amendments to the United States
    Constitution and by applicable federal statutory
    and case law, specifically including, but not
    limited to, [*Apprendi*] and [*Jones*]:

    a.  The sentence imposes [sic] is in excess of,
        or otherwise not in accordance with, the
        sentence authorized by law for crimes for
        which the Petitioner was convicted.

    b.  The sentence received is unconstitutional
        insofar as the Petitioner was sentenced under
        the Dangerous Offender Sentencing Scheme
        which increased the maximum term of
        imprisonment for the charged offenses without
        providing for indictment on the increased
        charges and without submitting the increased
        charges to the fact-finder and requiring that
        the predicate facts be proven beyond a
        reasonable doubt.

c.    The sentence received is unconstitutional insofar as the sentences are consecutive.

Respondent argues Petitioner procedurally defaulted the claims alleged in Grounds Two, Three, and Four, and that, in any event, he is not entitled to relief on the merits of these claims. Petitioner concedes he procedurally defaulted all of the Ground Two, Three, and Four claims, but argues cause and prejudice excuse his procedural default.  Petitioner presents no further argument on the remaining claims.

**DISCUSSION**

**I.    Procedural Default**

Petitioner argues two objective factors caused him to default the claims alleged in Grounds Two, Three, and Four:  (1) the total inaction of appointed counsel, whose misconduct actually hindered Petitioner's efforts to exhaust his state court remedies; and (2) the State's decision to transfer Petitioner to the Utah State Prison, where he lacked access to the legal materials necessary to perfect his appeals.

Generally, a state prisoner must exhaust all available state court remedies either on direct appeal, or through collateral proceedings, before a federal court may consider granting habeas corpus relief. *See* 28 U.S.C. § 2254(b)(1).   A claim that was not, and can no longer be, fairly presented in state court is

procedurally defaulted. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999).

Petitioners are barred from raising procedurally defaulted claims in federal court unless they demonstrate: (1) "cause" for failing to properly present the claim to the state court and "actual prejudice" resulting from such failure; or (2) "a fundamental miscarriage of justice." *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 732 (1991). In order to establish cause for a procedural default, "a petitioner must demonstrate that the default is due to an external objective factor that cannot fairly be attributed to him." *Smith v. Baldwin*, 510 F.3d 1127, 1146 (9th Cir. 2007) (internal citations omitted), *pet'n for cert. filed* (Mar. 21, 2008) (No. 07-10081).

There is no constitutional right to an attorney in state post-conviction proceedings. *Coleman*, 501 U.S. at 752. As such, "attorney ineffectiveness 'in the post-conviction process is not considered cause for the purposes of excusing the procedural default at that stage.'" *Smith*, 510 F.3d at 1147-48 (quoting *Manning v. Foster*, 224 F.3d 1129, 1133 (9th Cir. 2000)). Instead, "counsel acts as the petitioner's agent and thus any attorney error in post-conviction proceedings is generally attributable to

the petitioner himself." *Smith*, 510 F.3d at 1148 (citing *Coleman*,
501 U.S. at 752-53).

Petitioner argues this rule does not apply, because attorney
Gallagher's misconduct went beyond simple neglect or ineffective
assistance, and created an actual impediment to Petitioner's
ability to perfect his appeal.  Petitioner further argues that
Gallagher's actions were so antithetical to Petitioner's
interests, that they cannot be attributed to Petitioner under the
agency theory.

Consistent with other judges in this District, this Court has
previously rejected the agency argument advanced by Petitioner.
*See Powell v. Czerniak*, 2007 WL 539436 (D. Or. Feb. 13, 2007);
*Goddard v. Hill*, 2006 WL 3227886 (D. Or., Oct. 31, 2006); *Butcher
v. Czerniak*, 2006 WL 176753 (D. Or., Jan. 20, 2006); *Worley v.
Thompson*, 2005 WL 3019498 (D. Or., Nov. 9, 2005); *Thomas v. Cook*,
2004 WL 1723948 (D. Or., July 30, 2004); *see also Fairman v.
Anderson*, 188 F.3d 635, 643, *reh'g & reh'g en banc denied*, 200
F.3d 813 (5th Cir. 1999).  The reasoning in those cases remains
persuasive.

Moreover, Petitioner's reliance on the Ninth Circuit decision
in *Manning* is also misplaced.  There, the court held that a
petitioner could excuse his procedural default when post-
conviction counsel errors, "though not constitutionally defective,

were not attributable to him because they were both unauthorized *and tainted by a conflict of interest*." *Manning*, 224 F.3d at 1135 (emphasis added). Petitioner does not argue that a conflict of interest caused the ineffective assistance of his post-conviction appellate counsel. *See Smith*, 510 F.3d at 1147 n.14 (rejecting similar argument).

Finally, although Gallagher's actions were certainly less than commendable, in the end Petitioner fails to show they rose to the level of an external objective factor. After Petitioner informed the Court of Appeals he wished the contempt proceedings against Gallagher dismissed, Petitioner had ample time to file his opening brief. In addition, Petitioner previously demonstrated the knowledge and ability to seek additional time from the Court of Appeals, yet did not do so after the third past-due notice or the order of default and dismissal issued. Nor did Petitioner attempt to seek review from the Oregon Supreme Court.

Petitioner's allegation of ineffective assistance of appellate counsel in his first PCR proceeding does not constitute cause sufficient to excuse the procedural default of the claims alleged in Grounds Two, Three, and Four. As such, Petitioner is not entitled to proceed with his constitutional claims in this habeas corpus action.[2]

---

[2]The Court need not address whether Petitioner has shown prejudice with respect to these claims. *Smith*, 510 F.3d at 1147.

II.   **Unaddressed Claims**

Although he did not specifically waive the remaining claims contained in his Amended Petition for Writ of Habeas Corpus, Petitioner acknowledged the adverse statutory and decisional case law cited by Respondent and provided no additional argument. Upon review of the claims and Respondent's uncontroverted response, the Court concludes Petitioner is not entitled to relief on the unaddressed claims. See 28 U.S.C. § 2248 ("[t]he allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true.")

**CONCLUSION**

For these reasons, the Court DENIES the Amended Petition for Writ of Habeas Corpus and DISMISSES this action.

IT IS SO ORDERED.

DATED this 3rd  day of July, 2008.


    /s/ Anna J. Brown
    ANNA J. BROWN
    United States District Judge

16 - OPINION AND ORDER -